Sebastian M. Medvei (SBN 285604)
MEDVEI LAW GROUP, APC
3857 Birch Street, #56
Newport Beach, CA 92660
Telephone: (213) 984-4013
Email: smedvei@medveilaw.com

Attorney for Plaintiff AVOCADO MATTRESS, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVOCADO MATTRESS, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>SWEET ZZZ LLC,<br><br>               Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. **Violation of California Business & Professions Code section 17500 (False Advertising)**<br>2. **Violation of Title 17 of the U.S. Code (Copyright Infringement)**<br>3. **Violation of the Lanham Act (Trademark Infringement)**<br>4. **Violation of California Business & Professions Code section 17200 (Unfair Competition)** |

Plaintiff AVOCADO MATTRESS, LLC alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. §§ 1338 and 1367. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391. Defendant SWEET ZZZ LLC is subject to this Court's personal jurisdiction with respect to the civil action in question. Defendant SWEET ZZZ LLC is subject to personal jurisdiction in this district because, inter alia, it operates an interactive

1

COMPLAINT

website, which actively solicits payments and purchase orders from individuals located in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

**PARTIES**

3.  Plaintiff AVOCADO MATTRESS, LLC ("Plaintiff" or "Avocado") is a New Jersey limited liability company.

4.  Defendant SWEET ZZZ LLC ("Defendant") is a Michigan limited liability company.

**GENERAL ALLEGATIONS**

5.  Avocado is a manufacturer and retailer of, inter alia, mattresses. Avocado produces high quality environmentally conscious mattresses using certified organic materials.

6.  Defendant is a manufacturer and retailer of mattresses. Defendant is attempting to produce products in the same consumer space to Avocado and, as part of that focus, Defendant has engaged in rampant misrepresentations about its products and their relationship to Avocado's products, via quality and other comparison, as described below.

7.  Defendant operates a website located at uniform resource locator (URL) sweetzzzmattress.com ("Defendant's Website"). Defendant's Website makes certain verifiable claims about its products, frequently in comparison with Avocado's mattresses. Likewise, Defendant operates certain social media sites, including Facebook and Instagram pages for the same marketing purpose, i.e. to make representations about its products, frequently in comparison with Avocado. In the advertisements on Defendant's Website, Facebook, and Instagram (collectively, "Defendant's Advertisements"), Defendant typically identifies itself as a seller of "equivalent" mattresses to Avocado, at a lower price—often this leads to Defendant making certain "side by side" product comparisons with Avocado that are verifiably false.

8.  For example, Defendant's Advertisements claim that Defendant's mattresses are "organic" mattresses "just like" Avocado. Defendant's claim that its mattresses are "just like" Avocado's is false. Defendant's mattresses are different from Avocado's mattresses in terms of design and manufacture standard, including, as to the latter, in terms of the materials used in the production of the mattresses. The most fundamental example of these differences, which goes

directly to Defendant's false advertising claim that their mattresses are "organic" just like Avocado's mattresses, is that Defendant's mattresses are *not* certified under the Global Organic Textile Standard (GOTS), while Avocado's mattresses are. Likewise, Avocado's mattresses are licensed under the OEKO-TEX Standard 100, meaning that each component and material of Avocado's mattresses is lab-tested for harmful substances, Defendant's mattresses are not. Through its MADE SAFE certification, Avocado's mattresses are screened against thousands of known harmful chemicals and verified to be below established safe levels, Defendant's mattresses are not. Through its EWG VERIFIED certification, Avocado's mattresses are subjected to one of the most rigorous personal health and safety standards, Defendant's mattresses are not.

9.  Consistent with the aforementioned attempts to market its products using the repeated false identification of Defendant with Avocado, its products, and marks, Defendant also uses Avocado's copyright material such as pictorial works, including by way of example only and without limitation, its promotional graphics and artwork. In one example, Defendant used a graphic from Avocado's website that included the likeness of one of its executives, as follows:





10. Moreover, in addition to the substantial substantive and legal difference in terms of the "organic" nature and certification of the organic materials used between Defendant's and Avocado's products, there are important design and other differences between the parties' products such that Defendant's mattresses are simply not "just like" Avocado's. The Avocado Green Mattresses are needle-tufted while Defendant's are quilted only. Defendant's mattresses offer between two to three inches of latex, Avocado's standard is a minimum of three inches and goes up to 6 inches. Defendant's coil system is not zoned, while Avocado's mattresses have three interior zones for ergonomic support. Defendant's reinforced perimeter is on two sides of the mattress, while Avocado's is on all four sides. Defendant appears to be falsely claiming to be certified by The Climate Label, because Defendant is not listed as a certified bran on that certification entity's website, while Avocado is certified by that organization. Even the trial periods offered are different—Avocado offers a one year trial period for its Green Mattress while the trial period for Defendant's Honey Mattress is 100 days.

11. As set forth above, the sole purpose of Defendant's rampant infringement of Avocado's brand, marks, products and descriptions, and copyrights in connection with Defendant's false advertising is primarily to persuade members of the public that Defendant's products are "just like" Avocado's, in order to confuse the public as to the nature of Defendant's products and their comparative quality to Avocado's products. These misrepresentations are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Defendant and Avocado in violation of 11 U.S.C. § 1125(a). Defendant knows and recognizes that Avocado's products and reputation are backed by substantial public approval and goodwill such that any false notion of comparison or affiliation with Avocado's products will translate into increased sales of Defendant's products.

**FIRST CAUSE OF ACTION**
(For False Advertising Under California Business & Professions Code section 17500)

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above, as though set forth fully herein.

13. California Business & Professions Code section 17500 makes it "unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or

indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code § 17500.

14. As set forth above, Defendant's Advertisements make untrue and/or misleading statements about its products, including, without limitation, in comparison to Avocado's products. Defendant intentionally did so with full knowledge that its statements are untrue and/or misleading.

15. As a proximate result of the aforementioned conduct, Avocado has sustained injury within the meaning of Cal. Business & Professions Code § 17204.

16. Therefore, Avocado is entitled to a preliminary and permanent injunction enjoining Defendant from engaging in the false advertising of its products. In addition, Avocado is entitled to equitable restitution as may be appropriate to compensate Avocado for its injury.

**SECOND CAUSE OF ACTION**
(For Violation of Title 17 of the U.S. Code—Copyright Infringement)

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above, as though set forth fully herein.

18. As set forth above, Defendant uses Avocado's promotional photographs, graphics and other artwork in Defendant's Advertisements. Those materials constitute copyrighted material of Avocado that are registered and/or would be subject to registration, or are otherwise protected under Title 17.

19. Defendant does not have the consent of Avocado and has not obtained any licenses or paid any royalties in connection with its use of Avocado's copyrighted material. Rather, Defendant has intentionally infringed on Avocado's copyrighted material for purposes of deceiving the public about Defendant's products.

20. As a proximate result of the above-established infringement, Avocado has been injured.

21. Therefore, and pursuant to 17 U.S.C. § 504, Avocado is entitled to, inter alia, actual damages, Defendant's profits from use of the copyrighted material, and/or, if Avocado so elects, statutory damages, according to proof. In addition, Defendant is entitled to injunctive relief as to the continued infringement of Avocado's copyrighted materials.

## THIRD CAUSE OF ACTION
(For Violation of the Lanham Act—Trademark Infringement)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 above, as though set forth fully herein.

23. The "Avocado" mark is a registered trademark owned by Avocado.

24. Defendant has used the "Avocado" mark in Defendant's Advertisements with the intent to deceive the public about Defendant's products and Avocado's products. In addition, Defendant has used the "Avocado" mark and/or descriptions of fact about Avocado's products with the intent to deceive the public about the nature, characteristics and qualities of Defendant and Avocado's goods. Further, Defendant's infringing use of the "Avocado" mark causes dilution of the mark by tarnishing the mark with false representations and comparisons.

25. Defendant does not have consent from Avocado to use its marks and descriptions of its products.

26. Defendant has engaged in trademark infringement as to Avocado's marks.

27. As a proximate result of the above-identified conduct, Avocado has been injured.

28. Therefore, Avocado is entitled to its actual damages, Defendant's profits from use of the "Avocado" mark, treble damages, and/or, if Avocado so elects, statutory damages, according to proof. In addition, Defendant is entitled to injunctive relief as to the continued infringing use of Avocado's marks and products.

///

## FOURTH CAUSE OF ACTION

(For Violation of California Business & Professions Code section 17200—Unfair Competition)

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above, as though set forth fully herein.

30. Based on the above-identified conduct, Defendant has engaged in unfair, unlawful and fraudulent conduct subject to the Unfair Competition Laws (UCL).

31. As set forth above, Avocado has been injured by Defendant's unfair, unlawful and fraudulent conduct.

32. Therefore, Avocado is entitled to a preliminary and permanent injunction enjoining Defendant from engaging in any and/or all of the above-mentioned conduct. In addition, Avocado is entitled to equitable restitution as may be appropriate to compensate Avocado for its injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief under any and/or all of the above-identified causes of action:

1. Injunctive and Declaratory Relief;
2. Actual damages;
3. Defendant's profits arising out of the above-identified infringement;
4. Treble damages;
5. Statutory damages;
6. Attorney's fees;
7. For costs of suit herein incurred; and
8. For such other and further relief as this Court deems just and proper.

Dated: October 27, 2025

Respectfully Submitted
MEDVEI LAW GROUP, APC

By: */s/* Sebastian M. Medvei
Sebastian M. Medvei
Attorney for Plaintiff