Sebastian M. Medvei (SBN 285604)
MEDVEI LAW GROUP, APC
3857 Birch Street, #56
Glendale, CA 91203
Telephone: (213) 984-4013
Email: smedvei@medveilaw.com

Attorney for Plaintiff AVOCADO
MATTRESS, LLC

MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
GORDON E. GRAY (SBN 175209)
Email: ggray@mandourlaw.com
8605 Santa Monica Blvd, Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300

Attorneys for Defendant SWEET ZZZ
LLC

UNITED STATES DISTRICT COURT

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| AVOCADO MATTRESS, LLC,<br><br>               Plaintiff,<br><br>     vs.<br><br>SWEET ZZZ LLC,<br><br>               Defendant. | CASE NO. 2:22-cv-10313-MCS-PD<br>Hon. Mark C. Scarsi<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference: April 27, 2026**<br>**Time: 10:00 a.m.**<br>**Courtroom: 7C** |

1

JOINT RULE 26(f) REPORT

Pursuant to Federal Rules of Civil Procedure rule 26(f) and Local Rule 26-1, the parties submit the following Rule 26 Report:

## I.      STATEMENT OF THE CASE

Plaintiff AVOCADO MATTRESS, LLC ("Plaintiff") alleges that Defendant SWEET ZZZ LLC ("Defendant") infringed on Plaintiff's copyrights and trademarks in order to make false and misleading comparisons of Defendant's products to Plaintiff's products. Plaintiff further alleges that the purpose behind these false and misleading comparisons was to associate Defendant's products with Plaintiff's products, and to advance a false narrative that Defendant's products are comparable to Plaintiff's products. Plaintiff alleges causes of action for trademark and copyright infringement, as well as false advertising and unfair competition under California law.

Defendant denies Plaintiff's allegations and asserts that Defendant's comparative advertisements were truthful and protected by the First Amendment and the doctrines of fair use and nominative use.

## II.     SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over the Plaintiff's federal causes of action for copyright and trademark infringement. Plaintiff asserts diversity jurisdiction over the state law claims.

## III.    UNIQUE LEGAL ISSUES

Plaintiff asserts that the case presents standard legal issues as pertain to infringement of the Plaintiff's marks and copyrights and the alleged improper use of that property by Defendant to engage in false advertising and unfair competition. Plaintiff does not believe that the case presents any unusual legal issues.  Defendant agrees that the case does not appear to present any unusual legal issues.

JOINT RULE 26(f) REPORT

## IV.    MANUAL FOR COMPLEX LITIGATION

The manual for complex litigation should not be utilized in this matter.

## V.    STATUS OF DISCOVERY

The parties have not completed discovery. The parties have agreed to exchange initial disclosures by April 17, 2026.

## VI.    DISCOVERY PLAN

Plaintiff asserts that it will be engaged in standard discovery for a matter of this type, including general discovery aimed at identifying facts, witnesses and documents in support of its claims. More specifically, Plaintiff's discovery will primarily be aimed at determining the amount of sales generated by Defendant's alleged false and misleading comparative advertising. Plaintiff additionally intends to conduct discovery into the background and genesis of the alleged false and misleading comparative advertising campaign. Plaintiff does not anticipate the need for conducting discovery in phases or any express limitations. If the discovery should be aimed at any sensitive matter which might require a protective order, Plaintiff will work with Defendant to stipulate to such protective orders.

Defendant asserts that it will be engaged in standard discovery for a matter of this type to identify facts, witnesses and documents that Plaintiff contends supports its claims.  In particular, Defendant's discovery is aimed at determining Plaintiff's alleged evidence that Defendant made material, false statements in its advertising, Plaintiff's basis for its copyright claim, Plaintiff's basis for contending that Defendant's alleged use of the trademark was not nominative or fair use, and Plaintiff's alleged damages, if any.

## VII.    DISCOVERY CUTOFF

The parties agree to a fact discovery cutoff of December 18, 2026.

JOINT RULE 26(f) REPORT

## VIII.  EXPERT DISCOVERY

The parties request an initial expert disclosure date of November 20, 2026 with rebuttal disclosures, if any, due by December 18, 2026 and an expert discovery cutoff of January 29, 2027.

## IX.    SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION

The parties have conducted some early settlement negotiations. The parties request a referral to a Magistrate Judge for a settlement conference.  Both parties agree an early mediation is likely to be productive in this matter.

## X.     TRIAL ESTIMATE

Plaintiff estimates 7-10 days for a jury trial of this matter.  Defendant estimates 4-5 days for a jury trial of this matter.

## XI.    TRIAL COUNSEL

For Plaintiff, Sebastian M. Medvei will serve as trial counsel.

For Defendant, Gordon Gray will serve as trial counsel.

## XII.   INDEPENDENT EXPERT OR MASTER

This case will not require an independent expert or master.

## XIII.  PROPOSED CASE SCHEDULE

The parties have attached the completed Schedule Worksheet to this Report.

JOINT RULE 26(f) REPORT

## XIV.  OTHER ISSUES

At this time, the parties do not foresee any other issues not already addressed by this Report.


Dated April 2, 2026                          Respectfully Submitted,

                                             MANDOUR & ASSOCIATES, APC

                                     By:     /s/ Gordon Gray

                                             Gordon Gray

                                             Attorney for Defendant

Dated April 2, 2026                          Respectfully Submitted,

                                             MEDVEI LAW GROUP, APC

                                     By:     /s/ Sebastian M. Medvei

                                             Sebastian M. Medvei

                                             Attorney for Plaintiff

JOINT RULE 26(f) REPORT

## **ATTESTATION**

Pursuant to LR 5-4.3.4(a)(2)(i), I, Sebastian M. Medvei, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Sebastian M. Medvei

Sebastian M. Medvei

JOINT RULE 26(f) REPORT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 3857 Birch Street, #56, Newport Beach, CA 92660. On the date of execution below, I served on the interested parties in this action, the foregoing documents described as:

**JOINT RULE 26(f) REPORT**

[X]    (ELECTRONIC SERVICE) I electronically served the below addresse(es) from smedvei@medveilaw.com:

Gordon Gray, Esq.
Mandour & Associates, APC
8605 Santa Monica Blvd, Suite 1500
Los Angeles, CA 90069
Email: ggray@mandourlaw.com

*(Attorney(s) for Sweet ZZZ LLC)*

[X]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 3, 2026, at Newport Beach, California.

/s/ Sebastian M. Medvei
Sebastian M. Medvei

7

JOINT RULE 26(f) REPORT